Washington, DC 20229

**U.S. Customs and Border Protection**

August 30, 2007

FAX for Mr. John F. Klein
CEO
Digital Technologies, Inc.
703-481-5000
703-467-9363 FAX

FROM: Thomas Uberto
DHS-CBP-PROCUREMENT
202-344-3775
202-344-1812 FAX

# of Pages (including cover) 4

Please see the attached letter.

Washington, DC 20229

U.S. Customs and Border Protection

August 30, 2007

VIA FACSIMILE

Mr. John F. Klein, CEO
Digital Technologies, Inc.
45150 Business Court, Suite 550
Sterling, VA 20166

SUBJECT: Claim under Contract No. HSBP1006D01287
Preventive and Remedial Maintenance for CBP Mainframe Environment

Dear Mr. Klein:

This letter responds to the certified contract claim, dated August 10, 2007, submitted by your firm to this office.

Description of the claim

In the claim your firm seeks compensation in the amount of $9,377,985.10 for lost profits for the full potential period of performance of the subject contract (including base period and option periods.) The amount claimed purportedly represents lost profits that your firm would have realized had the Government exercised all options under the contract and made continual use of your firm's services for the full potential period of performance of the contract.

Factual areas of agreement

1. The subject contract was awarded on July 26, 2006.
2. The base period was September 1, 2006 to April 30, 2007, with four one-year option periods.
3. The total guaranteed minimum amount of the indefinite delivery, indefinite quantity contract as identified in the solicitation and contract was $2,500.
4. A task order under the contract in the amount of $569,244.30 was awarded to Digital Technologies, Inc. on October 27, 2006.
5. The first option period was not exercised and the contract expired on April 30, 2007.

Factual areas of disagreement

1. The description of the Automation Technologies, Inc. contract as illegal.

2. The assertion that declining to exercise an option should be regarded as constructive termination for convenience.

3. The accuracy of various statements in the claim (not reiterated here) that had no bearing on the decision contained in this letter.

Pertinent contract terms

FAR 52.217-9 OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 2000)

FAR 52.216-22 INDEFINITE QUANTITY (OCT 1995)

Contracting Officer's decision

The contractor's claim in the amount of $9,377,985.10 is denied for the following reasons-

1. The text of the option clause did not obligate the Government to exercise the option(s), and nothing in the contract could reasonably have created an expectation that the option(s) would be exercised.

   In my declaration to the U.S. Court of Federal Claims (COFC) for AUTOMATION TECHNOLOGIES, INC., v. UNITED STATES OF AMERICA (06-694C) I stated, "CBP has not yet reached a decision as to whether to exercise the options for out years to ATI, DTI, or both, in light of the possibilities of performance under both contracts now available to CBP and the potential to evaluate the performance of both in performing the required tasks in the coming months." At no time before or since did I state, or otherwise indicate, that the option periods under the subject contract would be exercised.

   Additionally, the court order arising from the same COFC case states at page 10, "In the particular ID/IQ contracts with both ATI and DTI, Customs is **not legally obligated** beyond the guaranteed minimum of $2500.00 in task orders. Nor are options automatically exercised. The FAR provides that, before an option is exercised, the contracting officer must decide that doing so is the most advantageous method of fulfilling the government's needs, and that another option or a new solicitation will not produce a better price or more advantageous offer than the one in the option."

2. The guaranteed minimum amount of the subject contract was satisfied upon issuance of a task order to the contractor.

This is the final decision of the Contracting Officer. You may appeal this decision to the Civilian Board of Contract Appeals at 1800 F Street, N.W., Washington, DC 20405. If

you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the Civilian Board of Contract Appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the Civilian Board of Contract Appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the Civilian Board of Contract Appeals, you may bring an action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

Sincerely,

Thomas M. Uberto

Thomas M. Uberto
Contracting Officer